KIMBERLY A. SANCHEZ
Acting United States Attorney
R. ALEX CARDENAS
ADRIAN T. KINSELLA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASHANPREET SINGH,<br><br>Defendant. | CASE NO. 2:25-MJ-0100-CKD<br><br>**AMENDED** UNITED STATES' BRIEF REGARDING PRETRIAL DETENTION<br><br>DATE: July 31, 2025<br>TIME: 2:00 p.m.<br>COURT: Hon. Carolyn K. Delaney |

The United States, through Assistant United States Attorneys R. Alex Cardenas and Adrian T. Kinsella, respectfully submit this motion in support of detention for defendant Jashanpreet Singh pursuant to 18 U.S.C. § 3142(f)(1)(E). The defendant was arrested on July 26, 2025 and made his initial appearance on July 28. ECF No. 6. This matter is scheduled for a continued detention hearing on July 31, 2025. The United States respectfully submits this brief to provide this Court with additional information to consider on the issue of the defendant's pretrial detention.[1]

### I. INTRODUCTION

On July 1, 2025, this Court approved a complaint and arrest warrant against this defendant charging him with a violation of Unlawful Possession of an Unregistered Short Barreled Rifle, in

---

[1] The United States previously filed a version of this detention brief on July 28, 2025. ECF No. 5. This version updates the first paragraph and adds a picture of the firearms and firearms parts recovered in this case.

1  violation of 26 U.S.C. § 5861(d). ECF No. 1. As the affidavit to that complaint sets forth, the defendant
2  attempted to sell multiple firearms to undercover officers, including three machine gun conversion
3  devices and the charged short barreled rifle. Complaint at 8. A subsequent search of his residence
4  resulted in the discovery of additional firearms, including two machine guns and a silencer. Complaint
5  at 8-10.
6      Federal law enforcement attempted to arrest Singh shortly after the Court issued the instant
7  Complaint on July 1, 2025, the date the Court issued the complaint and arrest warrant. Officers made
8  additional attempts to locate him since then, including waiting for him at a court hearing for a related
9  state case on July 21, 2025. Singh failed to appear at that court appearance and the state court issued a
10 bench warrant. Finally, on July 23, 2025, the FBI received an alert from the U.S. Customs and Border
11 Protection that the defendant had booked a ticked to India. That flight was scheduled to depart on July
12 26, 2025, from the San Francisco International Airport. On that date, officers located and arrested the
13 defendant at the airport before he could flee.

14     **II.    INTRODUCTION AND STATEMENT OF FACTS**
15     **A.    Applicable Detention Provisions in the Bail Reform Act**
16     The Bail Reform Act of 1984 allows the release of a defendant only after finding conditions or a
17 combination of conditions to reasonably assure the defendant's appearance or the safety of the
18 community. When Congress amended the Bail Reform Act in 1984, it reflected "the deep public
19 concern . . . about the growing problem of crimes committed by persons on release" and the recognition
20 that "there is a small but identifiable group of particularly dangerous defendants as to whom neither the
21 imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure
22 the safety of the community." *United States v. Chimurenga*, 760 F.2d 400, 403 (2d Cir. 1985) (*quoting*
23 S. Rep. No. 225, 98th Cong., 1st Sess. 6 7, reprinted in 1984 U.S. Code Cong. & Ad. News, P.L. 98 473,
24 at 3188 3189.) "Congress has determined that '[w]here there is a strong probability that a person will
25 commit additional crimes if released, the need to protect the community becomes sufficiently
26 compelling that detention is, on balance, appropriate.'" *Chimurenga*, 760 F.2d at 403 (quoting Senate
27 Report at 3189).
28

### B. Flight Risk Standard - Preponderance of Evidence

Whether to detain a defendant as a flight risk pending trial is determined by a preponderance of evidence. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

### C. Danger Standard - Clear and Convincing Evidence

"A finding that a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence.'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

### D. Factors for Deciding Detention or Release

The Bail Reform Act uses an individualized assessment of the factors identified in 18 U.S.C. § 3142(g) to determine whether pretrial detention is appropriate. The factors include: the nature and circumstances of the offense charged, including whether it involves controlled substances or firearms; the weight of the evidence against the defendant; the defendant's history and characteristics (including history relating to drug abuse, defendant's criminal history, and record of appearing at court proceedings); whether the detainee was on probation, parole, or other court supervision at the time of the alleged offense conduct; and the nature and seriousness of the danger to any person or the community posed by the defendant's release. These factors supports detention in this case, especially considering the concerning the fact he failed to appear at his related state court hearing and attempted to flee the country.

## III. DISCUSSION

### A. Nature and Circumstances of the Offense/Nature and Seriousness of the Danger to any person or the community posed by the defendant's release

The Defendant is charged with unlawfully possessing a short barreled rifle, in violation of 26 U.S.C. § 5861(B). He attempted to sell this and other firearms to an undercover officer on June 6, 2025. Complaint at 7. A search of his residence resulted in the discovery of firearms, including two additional machine guns and a silencer. Officers located additional evidence in the defendant's home, including notes showing other apparent firearms trafficking to New York. Complaint at 9. The nature and circumstances of the defendant's offenses heavily weigh in favor of pretrial detention given his danger to the community and strong risk of fleeing to avoid facing significant federal prison time.

B. **Weight of the Evidence Against the Defendant**

The weight of the evidence against Singh is overwhelming. As detailed in the complaint, he was in sole possession of the charged firearm (and others). Complaint at 8. He was texting and calling undercover officers directly. *See*, e.g., Complaint at 5. This factor therefore weighs in favor of detention. Several additional firearms were found in his residence, including firearms he had offered to sell to the undercover officers.



FIGURE 1: THE FIREARMS (INCLUDING MACHINE GUNS AND A SILENCER) AND OTHER EVIDENCE SEIZED FROM SINGH'S VEHICLE AND RESIDENCE ON JUNE 5, 2025

C. **History and Characteristics of the Defendant**

Given the defendant's recent past failure to appear for his related state court hearing and his attempt to flee the country, this factor strongly favors detention, especially in a case like this where he faces substantial prison time.

## IV.  CONCLUSION

The defendant possesses a clear and proven danger to the community, and should be detained pending trial.

Dated:  July 30, 2025

                                                KIMBERLY A. SANCHEZ
                                                Acting United States Attorney

By:  */s/ Adrian T. Kinsella*
      R. ALEX CARDENAS
      ADRIAN T. KINSELLA
      Assistant United States Attorney